En el Tribunal Supremo de Puerto Rico

| PONCE VISTA MAR DEVELOPERS, INC. Demandante-Recurrida V. GOBIERNO MUNICIPAL AUTONOMO DE POCE Demandado-Peticionario | Certiorari 99TSPR51 |
|---|---|

Número del Caso: CC-98-20

Abogados de la Parte Peticionaria: LCDA. LISSETTE TORO VELEZ

LCDA. LUISA GONZALEZ DEGRO

Abogados de la Parte Recurrida: LCDO. LEMUEL NEGRON COLON

Abogados de la Parte Interventora:

Oficina de Permisos Municipio de Ponce

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones: CIRCUITO REGIONAL V PONCE Y AIBONITO

Juez Ponente: Hon. NEGRON SOTO

Panel Integrado Por:  Pres. Juez Negrón Soto y los Jueces Segarra Olivero y Aponte Jiménez

Fecha: 4/9/1999

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ponce Vista Mar Developers,
Inc.

    Demandante-recurrida

                               CC-98-20        Certiorari

      v.

Gobierno Municipal Autónomo
de Ponce

    Demandado y peticionario

PER CURIAM

San Juan, Puerto Rico, a 9 de abril de 1999

I

El 25 de noviembre de 1992, al amparo de la Ley de Municipios Autónomos –Núm. 81 de 30 de agosto de 1991, 21 L.P.R.A. 4001–,[1] el Gobierno Central, mediante convenio con el Municipio de Ponce, transfirió a dicho municipio, ciertas competencias de la Junta de Planificación (J.P.) y Administración de Reglamentos y Permisos (A.R.P.E.). Incluyó

---

[1] Su Art. 14.001 –rector de la relación entre el Gobierno Central y el Municipio–, provee para la transferencia por el Gobierno Central a los Municipios de la ejecución total o parcial de ciertas facultades y funciones de agencias públicas, con sujeción a las leyes aplicables. 21 L.P.R.A. 4651.

específicamente "las facultades para recibir, evaluar y decidir sobre peticiones de autorizaciones, permisos o enmiendas" de la Junta de Planificación y A.R.P.E., referentes a la ordenación territorial. El acuerdo concedió al municipio todas las jerarquías definidas en el Art. 13.012.[2] Consecuentemente, y en virtud del Art. 13.013, el Municipio creó una Oficina para tramitar las autorizaciones y permisos según las facultades conferídales en el convenio.

Ponce Vista Mar Developers, Inc., solicitó autorización para el desarrollo preliminar de un proyecto turístico-residencial en la carretera estatal #2, Km. 219.6, Sector Las Cucharas, en el Barrio Canas. La Oficina de Permisos Municipal autorizó **parcialmente** el proyecto. Inconforme, Ponce Vista Mar Developers Inc., recurrió ante el Tribunal de Circuito de Apelaciones. El 14 de noviembre de 1997 el Circuito (Hons. Negrón Soto, Segarra Olivero y Aponte Jiménez), devolvió el expediente al Tribunal de Primera Instancia, Sala de Ponce, por entender que era el foro competente. Ponce Vista Mar Developers, Inc., acudió ante nos.[3] Revisamos mediante <u>certiorari</u>.

---

[2] Transferencia de ciertas facultades de la Junta de Planificación y A.R.P.E. sobre la ordenación territorial. 21 L.P.R.A. 4610.

[3] Señala:

Erró el Honorable Tribunal de Circuito de Apelaciones al determinar que bajo la Ley de Municipios Autónomos, el Tribunal de Primera Instancia, Sala de Ponce, es el tribunal con competencia para considerar el recurso presentado por Ponce Vista Mar Developers, Inc., contra la

II

La única cuestión planteada es determinar el foro competente para revisar las decisiones de la Oficina de Permisos Municipal, en virtud de las facultades de la Junta de Planificación y A.R.P.E. transferídales por el Gobierno Central.

Ponce Vista Mar sostiene que la revisión de las determinaciones de la Oficina de Permisos Municipal corresponde al Tribunal de Circuito de Apelaciones, no al de Primera Instancia, según intimó el foro apelativo. **Tiene razón**.

Si bien el Art. 15.002(a)[4] de la Ley de Municipios Autónomos otorga jurisdicción exclusiva al Tribunal de Primera Instancia para entender y resolver, a instancia de parte perjudicada, entre otros asuntos, los actos administrativos de cualquier funcionario u organismo municipal, ello debe interpretarse a la luz de todas las disposiciones legales pertinentes.

Al respecto, el Art. 13.002 de dicha Ley, 21 L.P.R.A. sec. 4610, permite a los municipios solicitar del Gobernador la transferencia de ciertas facultades de la Junta de Planificación y A.R.P.E. sobre la ordenación territorial, incluyendo querellas, autorización y permisos. La transferencia "autorizada se ejercerá conforme a las normas y procedimientos establecidos en la legislación, reglamentación y política pública aplicable a la facultad

_____

resolución de la Oficina de Permisos del Municipio de Ponce.

transferida, incluyendo la Ley de Procedimiento Administrativo Uniforme". **Sin embargo, en cuanto a la revisión de las decisiones del municipio, el Art. 13.016[5] específicamente señala que los trámites, términos y condiciones para las solicitudes de revisión judicial serán las aplicables a las decisiones de A.R.P.E. y la Junta de Planificación, si la competencia de que se trate fue conferida por dichas agencias al municipio.** Estas acciones dentro del marco legal del estatuto aplicable, se harán de acuerdo a las disposiciones de la Ley de Procedimiento Administrativo Uniforme. 3 L.P.R.A. sec. 2101 <u>et seq</u>. Veamos.

III

Al examinar la Ley Orgánica de la Junta de Planificación, observamos que su Art. 32, 23 L.P.R.A. 63(d), según enmendado por la Ley de la Judicatura de 1994, otorga[6] competencia al Tribunal de Circuito para revisar sus decisiones, reglamentos, ordenes y resoluciones.

---

[4]  21 L.P.R.A. sec. 4702.
[5]  Dispone en lo pertinente:

"Los términos, trámites y condiciones para las solicitudes de reconsideración, de apelación o de revisión judicial, de las decisiones del Municipio, serán:

(a)  los aplicables a las decisiones de la Administración de Reglamento y Permisos, si la competencia de que se trate le fue transferida por dicha agencia al municipio.

(b)  los aplicables a las decisiones de la Junta de Planificación si la competencia le fue transferida de dicha agencia al municipio.

[6]  Art. 4.002(g), 4 L.P.R.A. 22(k)g.

Cónsono con estas disposiciones, la Sec. III-B-7 del **Convenio de Transferencias de Competencias de la Junta de Planificación y A.R.P.E. al Municipio de Ponce**, dispuso que "[l]os términos, trámites y condiciones para las solicitudes de reconsideración, de apelación o de revisión judicial de las decisiones del Municipio al poner en vigor las facultades que le son transferidas mediante este Convenio, serán los aplicables a las decisiones de la Administración de Reglamentos y Permisos, si la competencia de que se trata le fue transferida de dicha agencia al Municipio o **los aplicables a decisiones de la Junta de Planificación, si la competencia de que se trate le fue transferida de dicha agencia al Municipio.**" Estas acciones del Municipio conforme el esquema legal del estatuto aplicable se harán de acuerdo a las disposiciones de la Ley #170 de 12 de agosto de 1988, según enmendada, conocida como 'Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico.

De igual manera, la Sec. 20.00 del Reglamento de Planificación Núm. 24, respecto a la revisión judicial, señala:

> "Reconsideración y Revisión Judicial – Los términos trámites y condiciones para las solicitudes de reconsideración, de apelación o de revisión judicial de las decisiones del municipio, serán:
>
> 1. Las aplicables a decisiones de la ARPE, si la competencia de que se trate le fue transferida de dicha agencia al municipio.
>
> 2. Las aplicables a decisiones de la Junta, si la competencia de que se trate le fue

transferida    de    dicha    agencia    al
municipio."

Un análisis integral de estas disposiciones legales y reglamentarias revela claramente que las decisiones de la oficina de Permisos del Municipio, tomadas en virtud de las facultades transferídales de la Junta de Planificación y A.R.P.E., son revisables por el Tribunal de Circuito de Apelaciones. Es en efecto, una excepción a la norma general, de que el Tribunal de Primera Instancia tiene competencia exclusiva para revisar los actos administrativos de cualquier funcionario u organismo municipal.

El Tribunal de Circuito basó su dictamen en que la LPAU no aplica a los municipios por éstos no estar comprendidos en la definición de agencia que dicha Ley provee.[7] Aplicó erróneamente la norma general de la competencia exclusiva del Tribunal de Primera Instancia en asuntos municipales. No tomó en cuenta, que en los casos particulares como el de autos –en que la competencia de la Oficina de Permisos Municipal fue transferida de la Junta de Planificación y A.R.P.E.– el Art. 13.016 de la misma Ley de Municipios Autónomos, dispuso, como ya explicamos, **que la competencia para revisar sus decisiones es del Tribunal de Circuito de Apelaciones**. El efecto lógico de este Art. 13.016 es la inaplicabilidad del Art. 15.002, en los casos allí previstos.

---

[7] Si bien la definición de agencia en la LPAU excluye a los municipios, la Ley de Municipios Autónomos incorpora dicha ley en numerosas instancias de actuaciones municipales.

Se dictará la correspondiente sentencia revocatoria.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Ponce Vista Mar Developers,
Inc.

     Demandante-recurrida

                              CC-98-20      Certiorari

          v.


Gobierno Municipal Autónomo
de Ponce

     Demandado y peticionario



SENTENCIA


San Juan, Puerto Rico, a 9 de abril de 1999


     Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se dicta Sentencia y revoca la Resolución del Tribunal de Circuito de Apelaciones del 14 de noviembre de 1997 y en su lugar, se ordena que dicho foro proceda a evaluar la solicitud de revisión presentada por Ponce Vista Mar Developers, Inc.

     Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.



                         Isabel Llompart Zeno
                    Secretaria del Tribunal Supremo